# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

STEPHEN JOHNSON,

Plaintiff,

v.   2:17-CV-335

K. GRIFFIN, *et al.*,

Defendants.

## OPINION AND ORDER

Stephen Johnson, a prisoner without a lawyer, filed a complaint against ten defendants based on events which occurred at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges Officer M. Clark stopped him while he was entering Medical on March 6, 2017, and asked why he was there. Johnson said he was diabetic and had a medical emergency. Officer

Clark ordered Johnson to return to his dorm. Nurse Ashley told Officer Clark that Johnson was a diabetic patient and looked dizzy. Nevertheless, Officer Clark pointed a can of pepper spray at Johnson and told him he had 3 seconds. Then Officer Clark sprayed Johnson.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Based on the facts alleged, Johnson has stated a claim against Officer Clark for using excessive force against him in violation of the Eighth Amendment.

In addition, Johnson also states a claim against Officer Clark for denying him medical treatment in violation of the Eighth Amendment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, Officer Clark prevented Nurse Ashley from providing medical treatment to Johnson.

Johnson names nine other defendants, but he does not state a claim against any of them. Nurse Ashley is only alleged to have tried to explain Johnson's need for medical care to Officer Clark. Nurse Shalana is alleged to have twice provided him medical treatment for his diabetes. Neither are alleged to have denied him proper medical treatment. Corizon Medical is alleged to be responsible for medical services, but they are not alleged to have done anything to prevent Johnson from receiving proper medical services.

Johnson alleges Officer Middleton saw Officer Clark spray him. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (*citing Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it is unclear how long Officer Clark spoke to Johnson, but it is clear that from the time the can of pepper spray was pointed at Johnson until it was deployed was only a few seconds. This did not give Officer Middleton a realistic opportunity to intervene.

3

The other five defendants (Superintendent K. Griffen, Major Tucker, Captain John Doe, Lt. Green, and Lt. Truax) are only alleged to be supervisors or to have been told about Officer Clark's actions after the fact. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

> Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Johnson has not stated a claim against these five defendants.

Finally, Johnson attempts to raise several State law claims. In Indiana, filing a timely notice of tort claim is a procedural prerequisite to bring a tort action based on these facts. Here, Johnson has not plausibly alleged that he filed a notice of tort claim as required by the Indiana Tort Claims Act, Indiana Code § 34-13-3 et seq. Therefore he may not proceed on State law claims.

For these reasons, the Court:

(1) **GRANTS** Stephen Johnson leave to proceed against M. Clark in his individual capacity for compensatory damages for spraying him with pepper spray on March 6, 2017, in violation of the Eighth Amendment;

(2) **GRANTS** Stephen Johnson leave to proceed against M. Clark in his individual capacity for compensatory damages for preventing him from receiving medical treatment for diabetes from Nurse Ashley on March 6, 2017, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** K. Griffin, L. Tucker, John Doe, Lt. Green, Ofc. Middleton, Lt. Truax, Nurse Ashley, Nurse Shalana, and Corizon Medical;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on M. Clark at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. §1997e(g)(2), M. Clark to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATE: March 20, 2018**  /s/RUDY LOZANO
**United States District Court**